**Clara M. PLANTE, as Executrix of the Estate of Arthur J. Plante, Deceased, Plaintiff,**

v.

**The PENNSYLVANIA RAILROAD COMPANY, Defendant.**

No. 65 Civ. 871.

United States District Court
S. D. New York.

Nov. 8, 1968.

Leo Gitlin, New York City, for plaintiff.

Conboy, Hewitt, O'Brien & Boardman, New York City, for defendant.

MANSFIELD, District Judge.

Plaintiff, as the executrix of her husband's estate, brought this suit under the Federal Employers' Liability Act (FE LA), 45 U.S.C.A. § 51 et seq., to recover compensation for injuries incurred by her husband while in the employ of defendant as a freight brakeman. Defendant now moves for summary judgment pursuant to Rule 56, F.R.Civ.P., on the ground that plaintiff's action is barred because plaintiff's testator already recovered compensation for these injuries under the provisions of the Longshoremen's and Harbor Workers' Compensation Act (Longshoremen's Act), 33 U.S.C.A. § 901 et seq.

For the purposes of this motion the facts are not in dispute. Plaintiff's testator was a 65-year old freight brakeman employed by defendant railroad in its operations involving the movement of equipment and freight in interstate commerce. On November 6, 1963, he was checking hand brakes on cars aboard a car float located in navigable waters and attached to a pier in Jersey City, New Jersey. A storm had been in progress for approximately 15 minutes when a sudden strong wind and burst of rain caused the float to shift in the water and plaintiff's testator to be thrown from the top of one of the box cars. As a result of this fall he sustained the injuries that are the subject of claims asserted in the present action. After the accident was reported to the Federal Bureau of Employees' Compensation, compensation totaling $900 was paid to him pursuant to the Longshoremen's Act.

In its pertinent part § 905 of the Longshoremen's Act provides as follows:

> "The liability of an employer prescribed in § 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death  *  *  *."

The legislative intent, as thus expressed, is clear. In lieu of the risks attendant upon negligence suits under the FELA or Jones Act, which might result in large verdicts or no recovery at all, Congress gave the injured employee a prompt, certain and less precarious right of recovery, based essentially on liability without fault. See, Ryan Stevedoring Co. v. Pan-Atlantic S.S. Co., 350 U.S. 124, 140, 76 S.Ct. 232, 100 L.Ed. 133 (1955). The present motion is based on defendant's contention that the above-quoted provision precludes plaintiff's current suit for compensation based on the FELA.

The Supreme Court's decision in Pennsylvania R. R. Co. v. O'Rourke, 344 U.S. 334, 73 S.Ct. 302, 97 L.Ed. 367 (1953), which decided the identical issue under indistinguishable circumstances, dictates that summary judgment be granted in favor of the defendant in the present case. In O'Rourke a railroad freight brakeman employed by the Pennsylvania Railroad sued under the FELA for injuries sustained while he was working on car floats owned by his employer and moored in navigable waters. The Supreme Court affirmed dismissal of the action on the ground that under § 904 of the Longshoremen's Act, the plaintiff's activity in releasing hand brakes on the car floats constituted maritime employment in furtherance of his employer's business under § 904 of the Longshoremen's Act and therefore his employer's liability under that Act was "exclusive and in place of all other liability of such employer to his employee" (§ 905).

Plaintiff here does not question the fact that his employment, in the performance of which he was injured, was the same type as that of the plaintiff in O'Rourke. He contends, however, that O'Rourke has been modified by the Supreme Court's later decision in Reed v. The Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963), which held that the Longshoremen's Act did not bar a longshoreman's libel against a ship to recover for injuries suffered by him while loading it, and urges that the effect of the latter decision is to permit a suit under the FELA. This contention must be rejected. Reed represented an extension of the exception made earlier by the Supreme Court in Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946), for suits based on unseaworthiness. In Sieracki it held that a shipowner's warranty of seaworthiness extends to a longshoreman injured on a ship even though he is employed by a separate stevedoring company. Having made this exception for suits based on the doctrine of unseaworthiness, the

Court, if it had barred such relief in *Reed,* would have found itself in the incongruous position of authorizing the unseaworthiness remedy for longshoremen employed aboard a ship by independent contractors but refusing it to longshoremen employed by the shipper. In order to avoid such a result, the Court went the full limit, holding that the Longshoremen's Act was not intended to bar suits for unseaworthiness, which would still be permitted because of the "humanitarian policy" favoring that ancient remedy designed to meet "the hazards of marine service, the helplessness of the men to ward off the perils of unseaworthiness, [and] the harshness of forcing them to shoulder their losses alone".

Nothing in *Reed* or in any other authorities found by this Court indicates that the exception made in favor of the traditional remedy of unseaworthiness was intended to pave the way for widening of the breach, or a repeal of the Longshoremen's Act, to encompass suits under the FELA or the Jones Act, which require proof of negligence on the employer's part, as distinguished from the lesser requirements underlying the "humanitarian policy" forming the backdrop of the unseaworthiness remedy. On the contrary, to do so would make a mockery out of the Longshoremen's Act, which represents a carefully conceived Congressional plan designed "to assure injured employees who were not seamen a prompt and certain recovery, rather than [under] an employer's liability statute, such as was extended in 1920 to seamen by the Jones Act, 38 Stat. 1185, 46 U.S.C. § 688", Pennsylvania R.R. Co. v. O'Rourke, *supra* at 344 U.S. 337, 73 S.Ct. 302, 304. Thus, athough the Longshoremen's Act does not bar recovery for breach of warranty of seaworthiness, Scopaz v. S.S. Santa Luisa, 372 F.2d 403 (2d Cir. 1967), it still operates to bar a suit under the Jones Act, Hertel v. American Export Lines, Inc., 225 F.Supp. 703 (S.D.N.Y. 1964). And, as *Reed* made no reference to Pennsylvania R.R. Co. v. O'Rourke, *supra,* the teaching of the latter case to the effect that in circumstances such as exist here the Longshoremen's Act bars a suit under the FELA is still the law. Accordingly, defendant's motion for summary judgment in the instant case must be granted.

So ordered.